UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:16-CV-302

| | |
|---|---|
| COLEMAN'S ORIGINAL RESTAURANT and PEGGY COLEMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY, SCOTTSDALE INDEMNITY COMPANY, SCOTTSDALE SURPLUS LINES INSURANCE COMPANY, RYZE CLAIMS SOLUTIONS, LLC, EAGLE ADJUSTING SERVICES, INC., and MICHAEL JOSEPH GERHART,<br><br>Defendants. | **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

NOW COME Defendants Scottsdale Insurance Company, Scottsdale Indemnity Company, and Scottsdale Surplus Lines Insurance Company (hereinafter "Scottsdale Defendants") and Ryze Claims Solutions, LLC, Eagle Adjusting Services, Inc., and Michael Joseph Gerhart (hereinafter "Ryze Defendants"), by and through their counsel, and submit this Brief in Opposition to Plaintiffs' Motion to Remand. [Doc. 20].

To conserve the time and resources of this Court, Defendants incorporate by reference the arguments presented in the Ryze Defendants' Motion to Dismiss and Supporting Memorandum [Doc. 22, 23], which explain the lack of basis for a valid claim against them. The remainder of the argument, presented in this Brief, addresses the arguments made in Plaintiffs' Memorandum in Support of the Motion to Remand.

## STATEMENT OF THE NATURE OF THE CASE

Individual defendant Michael Gerhart is an independent adjuster. He is employed by Ryze and not by the Scottsdale Defendants. Mr. Gerhart has no contractual relationship with Plaintiffs. The critical issue presently before the Court is whether North Carolina recognizes a negligence claim by an insured against an independent adjuster. Defendants contend that North Carolina does not recognize such a claim. Thus, Mr. Gerhart's citizenship should be ignored, giving this Court diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## STATEMENT OF THE RELEVANT FACTS

Plaintiffs suffered a loss due to a fire at their seafood restaurant in Calabash, North Carolina on August 14, 2014. [Doc. 1-2 ¶ 10]. The Scottsdale Defendants hired the Ryze Defendants as independent adjusters. [Doc. 1-2 ¶ 27]. While Plaintiffs assert various claims against the Scottsdale Defendants, Plaintiffs only assert the claim of negligence against the Ryze Defendants. [Doc. 1-2 ¶¶ 110-14]. In particular, the allegations of negligence all stem from the insurance policy issued by Scottsdale Insurance Company[1] to the plaintiffs and the duties that flow from the policy. Plaintiffs alleged that Defendants were negligent in the following ways:

    a.    Defendants failed to send a fire investigator in a reasonable and prompt period of time, and in conjunction with negligent instructions, thus delayed Plaintiffs' ability to save salvageable contents;

    b.    Defendant Gerhart failed to visit the loss in a reasonable and prompt period of time, and in conjunction with negligent instructions, thus delayed Plaintiffs' ability to save salvageable contents;

    c.    Defendants negligently instructed Plaintiffs that they were prohibited from placing a tarp over salvageable contents or otherwise undertaking activities to save salvageable contents, and Defendants

---

[1] The Scottsdale Defendants will assert in their Motion to Dismiss that only Scottsdale Insurance Company should be the only Scottsdale Defendant in this claim, as it is the insurer listed on the policy.

**negligently** instructed Plaintiffs that any disregard for said instructions would result in waiver of coverage under the Policy;

d.     Defendants were negligent in the claims handling process and negligent in delaying the reconstruction of Coleman's Original Restaurant;

e.     The Defendants were negligent in interpreting the Policy and the evidence in an unreasonable fashion and denying coverage without performing a reasonable investigation of the claim;

f.     The Defendants were negligent by failing to keep Plaintiffs apprised of the status of their claim, so that Plaintiffs could take further steps to save their business; and

g.     Other ways to be proven through discovery and trial.

[Doc. 1-2 ¶ 112].

## LEGAL STANDARD

Fraudulent joinder occurs when either no cause of action is stated or no cause of action in fact exists against the non-diverse Defendant. *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). While the burden on a defendant claiming fraudulent joinder is heavy, the removal process was created by Congress to protect defendants. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993); *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). "Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg*, 428 F.3d at 1325 (quoting *McKinney v. Bd. of Trustees of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

While not dispositive for the analysis, a district court may look at "whether a plaintiff has no intention of collecting a judgment against the in-state defendant in analyzing the fraudulent joinder doctrine." *Vick v. Kapstone Kraft Paper Corp.*, No. 4:1O-CV-78-FL, 2011 WL 841073, at *5 (E.D.N.C. Feb. 9, 2011), *recommendation adopted*, No. 4:10-CV-78-FL, 2011 WL 841063 (E.D.N.C. Mar. 7, 2011). A joinder is fraudulent if there is "no intention to get a joint judgment," and there is "no colorable ground" for obtaining such judgment. *AIDS Counseling*

3

*and Testing Ctrs.,* 903 F.2d at 1003.  "On the question of removal [based on fraudulent joinder] we … consider … whether there was a real intention to get a joint judgment and whether there was a colorable ground for it."  *Chicago, Rock Island & Pa. Ry. Co. v. Schwyhart*, 227 U.S. 184, 33 S.Ct. 250 (1913).

**ARGUMENT**

I. **PLAINTIFFS' CHARACTERIZATION THAT DEFENDANTS MUST "POINT TO BINDING LEGAL AUTHORITY IN NORTH CAROLINA" IN ORDER TO ESTABLISH FRAUDULENT JOINDER DEFENDANTS IS UNSUPPORTED BY CASE LAW.**

In Plaintiffs' Brief, Plaintiffs overstate the standard that Defendants must meet to prove fraudulent joinder.  Plaintiffs claim that "removal should only be sustained if Defendants can point to binding legal authority in North Carolina for the proposition that an independent insurance adjuster retained by an insurer does not owe a duty of care to the insured." [Doc. 21 p. 4].  Plaintiffs offer no case that states such a proposition.  Instead, Plaintiffs claim that this standard is "in accordance" with principles stated in *Hartley v. CSX Transp.*, 187 F.3d 422 (4th Cir. 1999).  A review of *Hartley* does not support this assertion.  Further, court decisions from sister courts within the 4th Circuit (as discussed in sub-section B) show that courts can consider fraudulent joinder when there is no express "binding legal authority."

    A. **The Fraudulent Joinder Argument in *Hartley* Required the Court to Make Numerous Determinations for a Multi-Part Test, and Likely Required Findings of Fact, Which is Not the Case Here.**

In *Hartley v. CSX Transp.*, a South Carolina citizen sued a Virginia railroad company and two South Carolina government entities, the South Carolina Department of Transportation ("SCDOT") and the Town of Allendale in South Carolina state court.  The railroad company removed to federal district court, stating that the South Carolina defendants were fraudulently

4

joined. The district court denied the plaintiff's motion to remand, and the court of appeals reversed the decision. *Id.*

The basis for the fraudulent joinder motion was whether the SCDOT and the Town of Allendale were immune from suit due to South Carolina's public duty rule. Thus, for fraudulent joinder to apply, the district court would have had to determine whether the public duty rule applied to these defendants. This was a ponderous test, requiring the court to ascertain: (1) the purposes of the statute, (2) whether the statute imposes a duty on a specific public officer, (3) the class protected by the statute, (4) the membership of the plaintiff in that class, (5) the public officer's state of mind concerning the likelihood of harm to members of the class if he fails in his duty, and (6) the nature of the officer's authority. *Id.* at 424.

The 4th Circuit stated that these elements may require factual investigation by the district court and cited cases that emphasized how the courts used facts such as witnesses' personal observations when determining the applicability of the public duty rule. *Id.* at 425 (citing *Bellamy v. Brown,* 305 S.C. 291, 408 S.E.2d 219, 221 (1991); *Jensen v. Anderson County Dep't of Soc. Servs.,* 304 S.C. 195, 403 S.E.2d 615, 617–19 (1991). The *Hartley* Court also noted that the facts in that case such as the SCDOT's policies regarding pavement markings are "questions of fact that are ordinarily left to the state court jury." *Id.*

Given this background, Plaintiffs' assertion that it is not appropriate for this Court to interpret "uncertain questions of state law" [Doc. 21 p. 4] is an incomplete reading of *Hartley*. What *Hartley* stated, after reviewing this multi-part test on the public duty rule, was this: "[i]n all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these *various* uncertain questions of law *and fact*." *Hartley*, 187 F.3d at 425 (emphasis added). The matter in *Hartley* was not a simple question of unsettled law. It was a six-part test that required

5

interpretation of law and fact. It is a further stretch to state that *Hartley* requires defendants to point to mandatory legal authority. To impose such an interpretation of *Hartley* "would require a removing party to have a factually on-point case in every instance to support its removal action" and, such a requirement "would chill a party's statutorily-granted right to seek relief in a federal forum." *Maybank v. BB&T Corp.,* No. 6:12-CV-00214-JMC, 2013 WL 4499227, at *4 (D.S.C. Aug. 20, 2013),

In stark contrast to *Hartley*, the present case has no disputed issues of fact for fraudulent joinder purposes. The critical fact for the fraudulent joinder argument is whether or not the Ryze Defendants are independent adjusters. This fact was admitted in Plaintiff's Complaint and in Plaintiff's Memorandum in Support of Remand. [Doc. 1-2 ¶ 27; Doc. 21 p. 1]. Thus, the legal question for fraudulent joinder is what duty does an independent adjuster owe the insured. Such limited inquiry is significantly different than the multi-part test required in *Hartley*.

**B. District Courts Have Considered Fraudulent Joinder Arguments in the Absence of Binding Legal Authority in The State.**

Without citing authority, Plaintiffs claim it is inappropriate for a district court to consider fraudulent joinder in the absence of binding legal authority. [Doc. 21 p. 4]. However, district courts have done so on several occasions:

- *In Harris v. State Farm Fire & Cas. Co.,* No. 5:13-CV-61-BO, 2013 WL 3356582, at *2–3 (E.D.N.C. July 3, 2013), the issue was whether an individual insurance agent was fraudulently joined. The district court determined that the agent was fraudulently joined, relying on two out of state cases: *Selvaggi v. Prudential Prop. & Cas. Ins. Co.,* 871 F. Supp. 815 (E.D. Pa. 1995) and *Newman ex rel. Poston v. Bankers Life & Cas. Co.,* No. 2:10 CV 02135, 2010 WL 4638566 (D.S.C. Nov. 8, 2010).

6

- In *Vagenos v. Alza Corp.,* No. CIV.A. 1:09-1523, 2010 WL 2944683, at *5 (S.D. W. Va. July 23, 2010), the issue was whether a pharmacy was fraudulently joined. The West Virginia Supreme Court of Appeals had not yet applied the "learned intermediary doctrine" to pharmacies in the state to grant them immunity. However, after reviewing the persuasive authority, the district court made this statement: "[a]ccordingly, the court *predicts* that the West Virginia Supreme Court of Appeals would find that the learned intermediary doctrine shields Judy's Drug Store from liability on the failure to warn claim." *Id.* (emphasis added). Thus, the district court denied the Motion to Remand.

- In *Stafford EMS, Inc. v. J.B. Hunt Transp., Inc.*, 376 F. App'x 317, 320 (4th Cir. 2010), the issue was whether an agent of a self-insured entity was fraudulently joined. Plaintiff had asserted a bad faith claim against that individual, claiming he was "engaged in the business of insurance." The district court rejected this argument and denied remand. The district court also rejected plaintiff's request to certify this issue to the state court. Even though there was not a direct case on point (hence the request for certification), the court of appeals found what the district court did was proper—it was a straightforward application of existing case law to the case.

Plaintiffs' attempt to impose a new legal standard for determining fraudulent joinder should be rejected. This limited reading of *Hartley* restricts the district courts' ability to interpret law, contradicts actions taken by district courts in other cases, and chills a defendant's statutorily-granted right to proceed in a federal forum.

Because "the right to remand and the right to remove are of equal import," federal courts examine jurisdictional challenges carefully. *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F.

7

Case 7:16-cv-00302-D   Document 24   Filed 09/23/16   Page 7 of 14

Supp. 2d 584, 592 (E.D. Va. 2005). This Court must ascertain "whether there is a reasonable basis for predicting liability based on the claims alleged. *Id.* at 595 (E.D. Va. 2005) (rejecting a mechanical interpretation of *Hartley*). In *17th St. Assocs.*, the court found that the suit was a garden variety coverage claimed against an insurer cloaked as a more complex claim "for the tactical purposes of defeating diversity." *Id.* at 602. Thus, because the dispute was solely between the insured and the insurer, the court allowed removal based on diversity jurisdiction. As shown below, any reasonable prediction of North Carolina law would find that there is no cause of action by the Plaintiffs against the Ryze Defendants, and ignoring their citizenship establishes diversity jurisdiction.

II. **PLAINTIFFS' CLAIM THAT THE RYZE DEFENDANTS OWE THEM A "GENERAL" DUTY UNDER NEGLIGENCE LAW CONTRADICTS NORTH CAROLINA LAW.**

In their Memorandum, Plaintiffs seek to impose a duty on the Ryze Defendants because "under certain circumstances" the law will impose a duty separate and apart from a contractual duty. *Olympic Prod. Co., A Div. of Cone Mills Corp. v. Roof Sys., Inc.*, 88 N.C. App. 315, 322, 363 S.E.2d 367, 371 (1988); [Doc. 21 pp. 6-7]. Plaintiffs then contend such duties to third parties are imposed in other specific situations: attorneys, accountants, and architects. [Doc. 21 p. 7].

This argument is inconsistent with both general North Carolina tort law and North Carolina insurance law. First, in general, there is no duty imposed regarding the protection of third parties. *Scadden v. Holt*, 222 N.C. App. 799, 801–03, 733 S.E.2d 90, 92–93 (2012). The law will impose such a duty for third parties when there is a special relationship such as: (1) parent-child, (2) master-servant, (3) landowner-licensee, (4) custodian-prisoner, and (5) institution-involuntarily committed mental patient. *Id.*

8

Here, Plaintiffs attempt to avoid the specific arguments presented[2] regarding whether an independent adjuster owes a duty to an insured by retreating to a more broad-based general negligence duty. This is inconsistent with North Carolina law regarding the absence of general duties to third parties, and the legal canon of *lex specialis derogat legi generali*, which determines that if there are two interpretations of the same subject matter, the more specific one controls. *See generally Piedmont Pub. Co. v. City of Winston-Salem,* 334 N.C. 595, 598, 434 S.E.2d 176, 178 (1993).

Second, a general duty imposed on an independent adjuster is contrary to general principles under North Carolina insurance law, particularly when dealing with first party claims. Based on the near-adversarial relationship of an insurer and insured in dealing with first party claims, courts have been reluctant to impose further duties outside of the insurance contract or administering claims pursuant to the contract. To impose a duty between an insured and an independent adjuster, between whom no contract exists, would create new law with contradicting loyalties.

In this case, the claims asserted by Plaintiffs against the Scottsdale Defendants[3] are first-party insurance claims. First-party insurance actions arise when an insured sues his insurer because of the insurer's treatment of the insured's claims. *In re Eurospark Indus., Inc.*, 288 B.R. 177, 183 (Bankr. E.D.N.Y. 2003) (citing Stephen S. Ashley, Bad Faith Actions Liability & Damages § 2:14 (2d ed. 1998 & Supp. 2001)).

> First-party actions are distinguishable from third-party actions, wherein the insured sues its insurer over the insurer's treatment of the claims of a third party against the insured. This distinction is important because an agency/fiduciary relationship is created in third-party actions between the insurer, who controls the

---

[2] Such as in the Memorandum in Support of the Motion to Dismiss by the Ryze Defendants. [Doc. 23].

> disposition of the third party's claims, and the insured. No such relationship is created in the first-party context, which simply involves the contractual obligation to pay claims or benefits.

*Id.* (internal citations omitted). This distinction makes perfect sense, given the adversarial nature of the relationship between an insured and his insurer in the first-party insurance context.

> The relationship between a first-party insurer and its policyholder is ill-suited for fiduciary controls. Indeed, fiduciary theory simply does not work here for at least two reasons. First and foremost, an insurer's interests and an insured's interests are not aligned when the insured is claiming on his own behalf, as they are in third-party cases where insurer and insured face a common adversary. The insurer is never cast as the insured's agent. *The insurer and insured do not deal in trust when a first-party claim is made; here they are adversaries. Even when a claim is clearly covered, the insurer and insured may disagree over the amount due or the nature of the benefits to be paid.* This inherent conflict, which is well-recognized in insurance law, cannot be reconciled with the existence of a fiduciary relationship.

Douglas R. Richmond, Trust Me: Insurers Are Not Fiduciaries to Their Insureds, 88 Ky. L.J. 1, 20 (2000) (emphasis added). Consistent with this view, North Carolina has rejected the imposition of fiduciary duties between insureds and insurers. *See, e.g., Cash v. State Farm Mut. Auto. Ins. Co.,* 137 N.C. App. 192, 206, 528 S.E.2d 372, 381 (2000) (holding that while an insurance agent may be a fiduciary for an insured for certain purposes, the insurer is not).

Given the adversarial nature of a first-party insurance claim, imposing a duty to the insured by the independent adjuster would create conflicting loyalties. While certainly *insured and insurers* have several duties regarding good faith and fair practices, these duties are associated with the insurance contract. *Olive v. Great Am. Ins. Co.*, 76 N.C. App. 180, 189, 333 S.E.2d 41, 46 (1985) (interpreting the contract); *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 108, 229 S.E.2d 297, 299 (1976) (bad faith predicated on refusal to pay a valid claim under the contract); *City Grill Hosp. Grp., Inc. v. Nationwide Mut. Ins. Co.*, No. 5:12-CV-610-F, 2014 WL 1429552, at *5 (E.D.N.C. Apr. 14, 2014) (insurance breach of contract and breach of covenant of good faith and fair dealing consolidated). Because independent adjusters do not have a

10

Case 7:16-cv-00302-D   Document 24   Filed 09/23/16   Page 10 of 14

contractual relationship with the insured, they should not be held to the same standard as insurers.

Plaintiffs have the opportunity to address their grievances regarding the adjustment of their claim through their various claims against the Scottsdale Defendants. Indeed, in looking at the specific negligent acts asserted by Plaintiffs, their complaints relate to the adequacy of the investigation, the timeliness of claims process, the instructions regarding the policies, and the responsiveness of communications. All of these complaints arise from the insurance contract between Plaintiffs and the Scottsdale Defendants. To hold a non-party to an insurance contract to these duties expands bad faith liability to others, which could include not only independent adjusters, but estimators, accountants, attorneys, surveyors, remediation companies, and a whole host of vendors.

Given the similarities of the claims against Mr. Gerhart and the Scottsdale Defendants, Defendants question whether there is a true intent to hold Mr. Gerhart to a joint judgment, particularly when his employer is sued as well. While not dispositive of the fraudulent joinder issue, Plaintiffs' apparent lack of interest in holding Mr. Gerhart to a joint judgment should be considered. *Vick,* 2011 WL 841073 at *5.

Plaintiffs attempt to impose on the Ryze Defendants a general duty of care for negligence is inconsistent with North Carolina's general rule that does not impose a tort duty in favor of third parties. Further, imposing a general duty of care on an independent adjuster is inconsistent with North Carolina law and insurance loyalties on first party claims. It is wholly new to impose such a duty between an insured and an independent adjuster. While the threshold for determining whether a claim is adequate for fraudulent joinder is low, it still must exist. "In considering *possible* state law claims, possible must mean 'more than such a possibility that a

11

Case 7:16-cv-00302-D   Document 24   Filed 09/23/16   Page 11 of 14

designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" *Legg*, 428 F.3d at 1325 n.5.

In the event this Court were to grant Plaintiffs' Motion to Remand, Plaintiffs also have requested an award of costs and attorneys' fees under 28 U.S.C. § 1447(c).  As the Defendants have an objectively reasonable argument for removal based upon the line of cases cited above and in the Motion to Dismiss of the Ryze Defendants, this Court should not award any such fees and costs to Plaintiffs, even if the case is remanded.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005)("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")

## **CONCLUSION**

In this case, the Court is not required to have mandatory, binding authority to make the determination regarding fraudulent joinder.  Defendants request that the Court interpret and apply the law presented in the Ryze Defendants' Brief in Support of the Motion to Dismiss to the undisputed fact that the Ryze Defendants are independent adjustors.  Further, Defendants request that the Court reject Plaintiffs' invitation to impose a general duty of care to independent adjusters, as this contradicts general North Carolina tort law and North Carolina insurance principles.  Thus, Defendants request that this Court deny Plaintiffs' Motion to Remand.

Respectfully submitted this the 23rd day of September, 2016.

| | |
|---|---|
| */s/ Gemma L. Saluta* | */s/ William Pollock (by permission)* |
| Rachel E. Daly, N.C. State Bar No. 27777 | William Pollock, N.C. State. Bar No. 19381 |
| Gemma L. Saluta, N.C. State Bar No. 37032 | Ragsdale Liggett, PLLC |
| Womble Carlyle Sandridge & Rice, LLP | 2840 Plaza Place, Suite 400 |
| One West Fourth Street | Raleigh NC  27612 |
| Winston-Salem, NC 27101 | Telephone: (919) 881-2224 |

Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: GSaluta@wcsr.com
Email: RDaly@wcsr.com

*Attorneys for Defendants Scottsdale Surplus Lines Insurance Company, Scottsdale Insurance Company and Scottsdale Indemnity Company*

Email: bpollock@rl-law.com

*Attorney for Michael Joseph Gerhart, Ryze Claims Solutions, LLC, Eagle Adjusting Services, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that on September 23, 2016, a copy of the foregoing ***DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND*** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to the following parties.

| | |
|---|---|
| B. Joan Davis<br>Robert H. Jessup<br>Howard Stallings From Hutson<br>Atkins Angell & Davis<br>Post Office Box 12347<br>Raleigh, NC 27605<br>Phone: (919) 821-7700<br>*Attorneys for Plaintiff* | William Pollock<br>Ragsdale Liggett, PLLC<br>2840 Plaza Place, Suite 400<br>Raleigh, NC 27612<br>Phone: (919) 881-2224<br>Email: bpollock@rl-law.com<br>*Attorneys for Michael Joseph Gerhart, Ryze Claims Solutions, LLC, Eagle Adjusting Services, Inc.* |

*/s/ Gemma L. Saluta*
Gemma L. Saluta
N.C. State Bar No. 37032
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-721-3660

*Attorney for Defendants*